NO. 07-12-0039-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 3, 2012
_____

JUAN MANUEL REYES,

                                                                    Appellant

V.

THE STATE OF TEXAS,

                                                                    Appellee
_____

FROM THE CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY;

NO. 1221031D; HON. SHAREN WILSON, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMBPELL and HANCOCK, JJ.

Juan Manuel Reyes (appellant) appeals his conviction for aggravated kidnapping. Appellant plead guilty to a jury and it assessed punishment at twenty years in prison. Furthermore, a deadly weapon, a knife, was found to have been used in the commission of the offense.

Appellant's appointed counsel filed a motion to withdraw, together with an *Anders*[1] brief, wherein he certified that, after diligently searching the record, he concluded that the appeal was without merit. Along with his brief, appellate counsel filed a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to file a response *pro se.* By letter dated August 30, 2012, this court notified appellant of his right to file his own brief or response by October 1, 2012, if he wished to do so. To date, a response has not been filed.

In compliance with the principles enunciated in *Anders,* appellate counsel discussed one potential area for appeal which included ineffective assistance of counsel. However, counsel then proceeded to explain why the issue was without merit.

In addition, we conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any arguable error pursuant to *Stafford v. State,* 813 S.W.2d 508 (Tex. Crim. App. 1991). After doing so, we concur with counsel's conclusions.

Accordingly, we affirm the judgment of the trial court and grant counsel's motion to withdraw.

Brian Quinn
Chief Justice

Do not publish.

---

[1]*See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct.1396,18 L.Ed.2d 493 (1967).